IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**FLOYD DELOACH, JR.,**

      **Plaintiff,**

      VS.

**Staff Sergeant WOODS, and Sergeant HESS,**

      **Defendants.**

**CIVIL ACTION FILE NO. 7:07-CV-28 (HL)**

**RECOMMENDATION**

This is a § 1983 action brought by a *pro se* plaintiff presently incarcerated at Johnson State Prison. However, when the circumstances giving rise to this lawsuit allegedly occurred plaintiff was incarcerated at the Lowndes County Jail in Valdosta, Ga. The above named defendants are or were employed at that Jail. Presently pending herein is a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for his failure to diligently prosecute same, to which plaintiff has failed to respond. (R. at 12). Since filing his complaint on March 21, 2007, (R. at 2), the plaintiff appears to have done only the following:

3/27/2007    File an inmate request form relating to his motion to proceed *in forma pauperis.* (R. at 4)

5/04/07    File his declination to consent to proceed before a full-time United States Margistrate Judge. (R. at 10).

5/04/07    File an objection to the defendants' answer. (R. at 11).

It has now been more than one year since the plaintiff has undertaken any activity in this file. This court's order of April 5, 2007, allowing plaintiff to proceed *in forma pauperis* also instructed him of his responsibility to diligently prosecute his case or face the possibility of its

dismissal. As earlier stated defendants filed a motion to dismiss plaintiff's complaint for this very reason on December 17, 2007, (R. at 12). On December 18, 2007, the court gave plaintiff its customary notice of the filing of the motion to dismiss, which also advised him of the increased likelihood that the motion would be granted in the event of his failure to respond in opposition. (R. at 13). Plaintiff has filed no response to the motion. This notice was sent to the plaintiff at his last known address and has not been returned as undeliverable, thus giving rise to a presumption that plaintiff received the notice. Given plaintiff's total lack of activity in this file for more that one year it seems likely that he may have lost interest in pursuing this matter along with any lawsuits he as filed.[1]

*Discussion*

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution inasmuch as it is clear that the Federal Rules of Civil Procedure apply to them. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of

---

[1] This is the seventh case this week filed by the plaintiff in which the undersigned has recommended that the identical motion to dismiss be granted. All activity by the plaintiff in any of his cases ceased during May 2007.

the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his objection to the defendants' answer over one year ago on May 4, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against these defendants but he has failed to do so. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the **RECOMMENDATION** of the undersigned that the defendants' motion to dismiss plaintiff's case for his failure to prosecute same be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

**SO RECOMMENDED**, this 15th day of May 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE